**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| **HOLLY STAFFORD,** | |
| **Plaintiff,** | 2006-CV-0149 |
| v. | |
| **DEPUY ORTHOPAEDICS, INC.,** | |
| **Defendant.** | |

TO:    Joel H. Holt, Esq.
        Sunshine S. Benoit, Esq.

### ORDER GRANTING DEFENDANT'S MOTION TO COMPEL

THIS MATTER came before the Court upon the parties' Joint Stipulation Regarding Defendant's Motion to Compel Plaintiff to Complete Her Deposition (Docket No. 27). Defendant also filed a supplement to said joint stipulation.

Defendant asserts that it requires time to complete the deposition of Plaintiff because the allowed time was not fully utilized in order to accommodate the deposition of Plaintiff's doctor and Defendant's inability to reschedule the doctor's deposition prior to the then-existing discovery deadline. Plaintiff counters that Defendant should have taken that fact into consideration when it noticed both depositions for the same day.

*Stafford v. DePuy Orthopaedics, Inc.*
2006-CV-0149
Order Granting Defendant's Motion to Compel
Page 2

**DISCUSSION**

Federal Rule of Civil Procedure 30 provides: "Unless otherwise authorized by the court or stipulated by the parties, a deposition is limited to one day of seven hours." Fed. R. Civ. P. 30(d)(2). The rule continues, however: "The court must allow additional time consistent with Rule 26(b)(2) if needed for a fair examination of the deponent or if the deponent or another person, or other circumstance, impedes or delays the examination." As noted by the Advisory Committee Notes to the 2000 amendments, "the party seeking a court order to extend the examination, or other wise alter the limitations, is expected to show good cause to justify such an order."

The Court finds that Defendant has shown good cause. Defendant states that more time is necessary because of previous injuries and medical treatment that were unknown to Defendant at the time it noticed Plaintiff's original deposition. Moreover, the Court notes that Plaintiff does not argue that Defendant is attempting to extend the deposition beyond the allowed seven (7) hours. Plaintiff is reminded that

> [i]t is expected that in most instances the parties and the witness will make reasonable accommodations to avoid the need for resort to the court. The [seven (7)-hour] limitation is phrased in terms of a single day on the assumption that ordinarily a single day would be preferable to a deposition extending over multiple days; if alternative arrangements would better suit the parties, they may agree to them. It is also assumed that there will be

*Stafford v. DePuy Orthopaedics, Inc.*
2006-CV-0149
Order Granting Defendant's Motion to Compel
Page 3

reasonable breaks during the day. Preoccupation with timing is to be avoided.

Advisory Committee Notes to 2000 amendments to Fed. R. Civ. P. 30(d)(2). It is clear that Defendant is simply requesting that the Court grant it the full seven (7) hours allowed by the rule. Consequently, the Court will grant the said motion.

Accordingly, it is now hereby **ORDERED**:

1. Defendant's Motion to Compel Plaintiff to Complete Her Deposition (Docket No. 27) is **GRANTED**.

2. Defendant may notice the continuation of Plaintiff's deposition for a date, time, and location mutually acceptable to the parties. Such continuation of Plaintiff's deposition shall be limited to matters not previously covered and shall be no longer than 2.75 hours in duration.

ENTER:

Dated: February 27, 2008         /s/
                                 GEORGE W. CANNON, JR.
                                 U.S. MAGISTRATE JUDGE